S08Y1972. IN THE MATTER OF LESTER CHRISTOPHER SOLOMON.

(672 SE2d 662)

PER CURIAM.

This disciplinary matter is before the Court on the second report and recommendation of William C. Rumer, special master, recommending a three to six month suspension for Lester Christopher

Solomon's violations of Rule 1.15 (II) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.15 (II) (a) and (b) is disbarment, while the maximum sanction for a single violation of Rule 1.15 (II) (c) is a public reprimand.

After the State Bar filed a formal complaint against him, Solomon filed a petition for voluntary discipline in which he sought a review panel reprimand. We rejected that petition on June 2, 2008 as an insufficient sanction, S08Y1131. Solomon filed this renewed petition for voluntary discipline, in which he now requests a three to six month suspension.

Based on Solomon's admissions, the special master found that while Solomon was a minister at a church and before he was admitted to the bar, he agreed to help manage the financial affairs of Marvin Pace, Jr., who is disabled, by receiving title to Pace's real property, securing a mortgage loan on the property, paying himself a commission, paying the mortgage payments and himself a monthly stipend with Pace's annuity income, and allowing Pace to continue living in the home. After Solomon was admitted to the bar in September 2001, he continued to handle Pace's financial matters, but did not separate his funds from Pace's or deposit Pace's funds into an attorney trust account. Solomon thus admits that he violated Rule 1.15 (II) by commingling funds and not depositing Pace's funds into an attorney trust account. The special master found, however, that at the time of his rule violation, Solomon was relatively inexperienced in the practice of law and that his violation was not intentional.

The State Bar did not file a response to the renewed petition or a request for review of the special master's second report.

Having reviewed the record in this case, we agree with the special master and hereby direct that Solomon be suspended from the practice of law for six months. Solomon is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Six-month suspension. All the Justices concur, except Hunstein, P. J., and Thompson and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

Because I believe that a six-month suspension is insufficient discipline for Lester Christopher Solomon based on the facts of this case, I must respectfully dissent.

The record shows that, while Solomon was a minister at a church and before he was admitted to the bar, he agreed to help manage the financial affairs of a disabled person by receiving title to the person's home, securing a loan on the property, paying himself a commission, paying the loan payments and himself a monthly

stipend with the person's annuity income, and allowing the person to continue living in the home. After Solomon was admitted to the bar, he continued to handle the person's financial matters, but did not separate his funds from the person's or deposit the person's funds into an attorney trust account. Solomon represented the person in a civil matter, thereby forming an attorney-client relationship. Solomon nevertheless continued to commingle the person's funds with his own rather than placing them in an attorney trust account. A dispute arose between Solomon and the person over Solomon's handling of the person's assets. Solomon then filed a writ of possession against the person and attempted to evict him from his home. Eventually, this dispute was settled by Solomon's transfer of the home back to the person. The person later filed a grievance against Solomon, but ultimately withdrew it.

Given Solomon's commingling of funds, coupled with behavior consistent with neither his agreement to manage the person's funds and property nor his attorney-client relationship with the person, I do not believe that a six-month suspension is an adequate punishment for Solomon's actions.

I am authorized to state that Presiding Justice Hunstein and Justice Thompson join in this dissent.

DECIDED JANUARY 26, 2009.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Goodman, McGuffey, Lindsey & Johnson, Frederick R. Green*, for Solomon.